The opinion of the court was delivered by
Spencer, J.
This is a suit to recover of the defendant $1846 25, taxes of 1875, on an assessment of “personal property,” to wit; “merchandise, capital, and money at interest.”
The defense relied upon in this court is, that credits,” “ money at interest,” are not property within the meaning and intent of article 118 of the Constitution, and that the Legislature has no authority to impose, therefore, a tax upon them.
The argument is, that to tax credits, promises to pay, notes, bills, etc., is double taxation. Thus, if A loans B one thousand dollars, and takes his note therefor, you tax the money once in B’s hands, and the same money again in A’s under the name of credits. It is argued that this process ultimates in the borrower paying a double tax; for it is said that the lender will increase his interest to the extent of the tax, and thereby throw upon the borrower eventually both taxes. If this be so, it might afford the borrower a strong argument for resisting his taxes, but we are at a loss to see why the lender should complain, since the theory is that he ultimately pays no tax at all — imposing his taxes on the debtor’s shoulders. At all events, it is not pretended that the creditor pays two taxes. At most, he pays but once, and we do not see what mission he has to protect anybody but himself from wrongful taxation. *877 Credits represent value; so much so that it is admitted that to the extent that a man is in debt, to the same extent his creditors may be said to have an eventual title to his property. Now the proposition is that this creditor class, who may in. reality own thus, indirectly, the whole-property of a State, shall pay nothing for the support of the government. It seems to us that this result is exceedingly inequitable, and that if anybody is to be exemj t id from taxation on the amount of these credits it should be the man who owes them, and whose property and possessions are diminished in value by the amount thereof.
The argument by which it is attempted to be shown that notes, bills, bonds, stocks, etc. are not property is too sublimated and metaphysical to be practical in matters of legislation. If theyarenot property, they represent value and produce revenue. But to say that our constitution forbids them to be considered as property, would be to expunge from our Codes provisions and principles that are as old as the civil law. See C. C. 474, 481, 483, 484, 491, 2642, 3155, and many others ; C. P. 642, 676. They are classed as “things;” maybe bought, sold, appraised, seized,- and make up and constitute the wealthiest patrimonies in the world. Is it not rational, in seeking the meaning of the ■word “property” in the constitution of 1868, that we ascertain what has always boen its acceptation in our law, in our jurisprudence, and by common usage? And when we ascertain that, from time immemorial, “ incorporeal things ” of the kind in question have been held and treated as embraced in the term “property,” shall we turn our back on all this and run away after the metaphysical abstraction that " property is always and of necessity a physical actuality ?”
It is our duty to interpret words in a statute “ in their ordinary and usual signification,” as they are “ popularly used.” C. C. 14.
We are referred to no authority for the proposition that notes, bonds, stocks, etc. are not property, except that of the Supreme Court of California in “ The People vs. Hibernia Savings Society,” lately delivered, and that of a writer in the Atlantic Monthly for September, 1877. These productions are certainly able and ingenious discussions of the abstract nature of property. But it is a full answer for us to say that we are here to interpret the laws of this State as the framers thereof intended and understood them ; and we are tempted to say of this California decision what Mr. Walker in his work on “Taxation,” p. 59, says of it: “ We venture to affirm that the idea that these evidences of debt are not property in the legal acceptation of that term never before entered the brain of a lawyer.”
But it seems to us that if it were conceded that these credits are not property, it would not follow that the Legislature could not tax them. The theory of our government is that a State Legislature may *878 do any thing which is not prohibited in the State or Federal constitutions. Now strip these “credits” o£ their title as “property,” and you thereby make them' nondescripts, and there is no prohibition in the constitution ■against taxing them “ as credits ” ad libitum, for it is only “ property,” “ incomes,” and “ trades ” the taxation of which is restricted by the ■constitution. We think it better and safer for capitalists that we adhere to the old landmarks, and treat them as “ property holders,” in duty 'bound to contribute, like other people, in proportion to their means and the protection accorded them, to the expenses of the government.
The judgment appealed from condemned the defendant to pay the ■amount claimed, with interest and costs, and it is affirmed.